Warren **FURUTANI**, Douglas **Campbell**, Isidro **Gali**, Jr., Donald **Grimes**, and Vincent **Maninno**, Plaintiffs,

v.

Robert L. **EWIGLEBEN**, individually and in his capacity as President of the College of San Mateo; John W. Alexander, individually and in his capacity as Dean of Men of the College of San Mateo; Francis W. Pearson, Jr., Robert A. Tarver, Eleanore D. Nettle, U. S. Simonds, Jr., and Carl E. Ward, individually and in their capacities as members of the District Board of Trustees of the College of San Mateo, and their successors in office, agents, and employees, Defendants.

No. 50767.

United States District Court
N. D. California.
March 25, 1969.

**1164**

Charles Stephen Ralston, Oscar Williams, Jr., San Francisco, Cal., and Rubin Tepper, Arden K. Weinberg, Legal Aid Society of San Mateo County, Redwood City, Cal., for plaintiffs.

Keith C. Sorenson, Dist. Atty., San Mateo County, by James M. Parmelee, Chief Civil Deputy, Redwood City, Cal., for defendants.

## MEMORANDUM AND FINDINGS ON MOTION FOR PRELIMINARY INJUNCTION

WEIGEL, District Judge.

Plaintiffs are students at the College of San Mateo, a state junior college. They ask for a preliminary injunction against the President of the College, the Dean of Men and the members of the Board of Trustees.

In December, 1968, plaintiffs were charged by the college authorities with unlawful actions during one or more campus demonstrations. They were also suspended pending disposition of such charges. Thereafter, based upon the same actions, a variety of criminal charges were brought against plaintiffs in the California state courts. Trials on these criminal charges are scheduled during the next month. Hearings on the expulsion proceedings by the appropriate college authority have not been set although there is a procedure by which the students can obtain prompt hearings.

Plaintiffs have moved for injunctive relief in the form of an order postponing any expulsion hearings until after the criminal trials and requiring the College to reinstate them pending completion of all proceedings. Their argument in support of the motion runs as follows: If they are not reinstated immediately, they will be damaged irreparably because of delays in pursuing their educations; if they are given prompt hearings by the Board of Trustees, they may have to testify to avoid expulsion; if they testify under the compulsion of otherwise being expelled, they may be denied their Fifth Amend-

ment rights because their testimony before the Trustees may be used against them in the subsequent criminal trials.

As authority for their position, plaintiffs rely principally on Garrity v. New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). In that case, police officers had testified at a state investigation into alleged fixing of traffic tickets after being told that failure to testify could subject them to removal from office. The testimony they gave was subsequently introduced against them in criminal prosecutions arising from the investigations. The Supreme Court reversed their convictions, holding the statements inadmissible because obtained under compulsion in violation of the police officers' Fifth Amendment rights.

This very case upon which the plaintiffs place their main reliance demonstrates the fallacy in their contentions. If plaintiffs wish prompt hearings on their suspensions, they need only notify the college authorities. If, at such hearings, they are forced to incriminate themselves to avoid expulsion and if that testimony is offered against them in subsequent criminal proceedings, they can then invoke *Garrity* in opposition to the offer. Therefore, expedited college hearings pose no threat to Fifth Amendment rights.

It is clear from all of the foregoing that plaintiffs' request for a preliminary injunction seeks intervention by this Court into matters relating to student discipline at a college without any showing of actual or prospective unlawfulness in the disciplinary proceedings.[1]

 College authorities should be free to enforce fair and reasonable disciplinary regulations necessary to the orderly functioning of the educational institution. Otherwise, the campus

marketplace for competition in ideas can all too readily be monopolized by ruthless minorities or ruthless majorities determined to have their way regardless of others.

The foregoing will serve as the findings of fact required by Rule 52(a), Federal Rules of Civil Procedure. The motion for a preliminary injunction is denied.

---

1. Plaintiffs do not contend that the hearings available to them are in any way inadequate to satisfy the requirements of due process. See Dixon v. Alabama State Bd. of Educ., 294 F.2d 150 (5th Cir.), *cert. denied*, 368 U.S. 930, 82 S.Ct. 368, 7 L.Ed.2d 193 (1961); Developments in

the Law—Academic Freedom, 81 Harv.L. Rev. 1045, 1134–43 (1968). On the record before this Court, plaintiffs cannot complain of undue delay in the hearings, since hearings are available to them promptly upon their requests.